IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LONG CORNER SECURITY LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **INTERNATIONAL BUSINESS MACHINES CORPORATION,** <br><br> Defendant. | Case No. 2:13-cv-840 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Long Corner Security LLC files this Complaint against International Business Machines Corporation, for infringement of United States Patent No. 5,963,642 (the "'642 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Long Corner Security LLC ("Plaintiff" or "Long Corner") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 1002 Raintree Circle, Suite 100, Office #178, Allen, Texas 75013.

4. Upon information and belief, Defendant International Business Machines Corporation ("Defendant") is a New York corporation with its principal office located at North Castle Drive, Armonk, NY 10504.  This Court has personal jurisdiction over Defendant because

Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. On information and belief, Defendant's products that are alleged herein to infringe were and/or continue to be made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,963,642)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '642 Patent with sole rights to enforce the '642 Patent and sue infringers.

10. A copy of the '642 Patent, titled "Method and Apparatus for Secure Storage of Data," is attached hereto as Exhibit A.

11. The '642 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '642 Patent is a prominent, pioneering patent in the field of secure storage of data. This is evidenced in part by the extent to which the '642 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '642

Patent has been forward-cited in approximately 90 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as Seven Networks (26 times), IBM (21 times), SafeNet (5 times), UPS (3 times), Hitachi (3 times), Toshiba (2 times), Microsoft (2 times), LG, Casio, Sony, Oracle, SAP, Xerox and Intel.

**(Direct Infringement)**

13. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '642 Patent, including at least claim 12, by making, using, importing, selling and/or offering for sale systems and methods for secure storage of data covered by one or more claims of the '642 Patent, including without limitation IBM's WebSphere Commerce product.

14. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

15. Plaintiff is in compliance with 35 U.S.C. § 287.

**COUNT 2**
**WILLFUL INFRINGEMENT**

16. Plaintiff incorporates paragraphs 1 through 15 herein by reference.

17. The infringement of the '642 Patent by Defendant has been willful and continued to be willful after Defendant had knowledge of the '642 Patent. Upon information and belief, Defendant had knowledge of the '642 Patent based on the allegations in paragraph 12 above, and in particular because the '642 Patent has been cited as prior art in at least 21 United States patents originally assigned to Defendant.

18. After the time Defendant had knowledge of the '642 Patent, it continued to infringe the '642 Patent. Upon information and belief, Defendant did so despite an objectively

high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '642 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have been known to Defendant.

19. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 5,963,642;

c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d) Award Plaintiff enhanced damages as provided under 35 U.S.C. § 284;

e) Award Plaintiff pre-judgment and post-judgment interest and costs;

f) Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

g) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: October 22, 2013 Respectfully submitted,

 */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff Long Corner Security LLC***